**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| JIMMY STORY, II, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   Case No. 1:12-cv-1199-TWP-DKL |
| | ) |
| BRIAN SMITH, | ) |
| | ) |
| Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

This matter is before the Court on Petitioner Jimmy Story, II's ("Mr. Story")

Petition for Writ of Habeas Corpus. For the reasons explained in this Entry, the

petition must be **denied** and this action **dismissed with prejudice.**

**Background**

The pleadings and the expanded record in this action establish the following:

1.     Mr. Story is confined at an Indiana prison. He seeks a writ of habeas

corpus with respect to a prison disciplinary proceeding identified as No. IYC 11-08-

0127, wherein he was found guilty of having violated prison rules of conduct by his

unauthorized possession of an electronic device.

2.     A conduct report was issued on August 17, 2011, reciting that during the

morning of that day the reporting officer conducted a search of Mr. Story's locked

property box and in that box found a black and grey cell phone and cell phone

charger.

3.      After being supplied with a copy of the written charge and notified of his procedural rights, Mr. Story was found guilty of the misconduct with which he had been charged at a hearing conducted on August 22, 2011. He was sanctioned, in part, with the deprivation of a period of earned good-time and a demotion in his credit class. His administrative appeals were rejected and this action followed.

## Discussion

Mr. Story seeks a writ of habeas corpus on the bases that the proceeding described above is tainted by constitutional error.

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. ' 2254(a) only if it finds the applicant Ais in custody in violation of the Constitution or laws or treaties of the United States.@ *Id.* When a prison disciplinary proceeding results in a sanction which affects the expected duration of a prisoner=s confinement, typically through the deprivation of earned good-time credits or the demotion in credit earning class, the state may not deprive inmates of good-time credits without following constitutionally adequate procedures to ensure that the credits are not arbitrarily rescinded. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004).

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974). In these circumstances, Mr. Story was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation;

(2) the opportunity to be heard before an impartial decision-maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

Under *Wolff* and *Hill,* Mr. Story received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Mr. Story was given the opportunity to appear before the conduct board and make a statement concerning the charge, (2) the conduct board issued a sufficient statement of its findings, and (3) the conduct board issued a written reason for its decision and for the sanctions which were imposed.

Mr. Story's first claim is that he was denied a fair hearing because the hearing officer was not impartial. *Wolff* does require impartial decision makers at disciplinary hearings. *Wolff,* 418 U.S. at 571. The hearing officer here, however, had no disqualifying personal involvement in or knowledge of Mr. Story's possession of the electronic devices. *See Redding v. Fairman,* 717 F.2d 1105, 1112-13 (7th Cir. 1983). Mr. Story's assertion that the hearing officer's decision was influenced by another officer rests only on Mr. Story's speculation. As to the sufficiency of the evidence, the contraband was clearly described and it was found in Mr. Story's locked property box. A[O]nly evidence that was presented to the Adjustment

Committee is relevant to this analysis.@ *Hamilton v. O'Leary,* 976 F.2d 341, 346 (7th Cir. 1992); *see also Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board.").

Mr. Story's final claim is that his limited right to produce documentary evidence was violated. He had requested offenders Michael Staton and Ramon Bowen as witnesses. Statements were obtained from both offenders and considered by the hearing officer in making her decision.

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Story to the relief he seeks. Accordingly, Mr. Story's petition for a writ of habeas corpus must be **DENIED** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: _03/19/2013_____

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

**Distribution:**

**Jimmy Story, II**
**No. 192388**
**Plainfield Correctional Facility**
**Inmate Mail/Parcels**
**727 Moon Road**
**Plainfield, IN  46168**

**Electronically Registered Counsel**